UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No. 8:05-cv-533-T-24TGW

IRENO LUIS DELGADO
_____/

**ORDER**

This cause comes before the Court on Defendant Ireno Luis Delgado's Motion for Jury Trial on the Issue of Forfeiture in the Event of Conviction. (Doc. No. 144). The Government has filed a notice of withdrawal of forfeiture of specific assets, a notice of intent to seek a money judgment and a request that the Court deny Defendant's request for a jury determination as to the amount of the money judgment. (Doc. No. 176).

Defendant Delgado was charged by indictment with one count of conspiracy to commit mail fraud and four counts of mail fraud. The Court held a jury trial, and on August 22, 2006 the jury found Defendant Delgado guilty of one count of conspiracy to commit mail fraud and two counts of mail fraud. Defendant Delgado was found not guilty of two counts of mail fraud.. The Government originally sought forfeiture of real and personal property as well as a money judgment in the amount of $223,755.82. On August 21, 2006, the Government withdrew its request for the forfeiture of the real and personal property but maintained its request for a money judgment in the amount of $223,755.82. Counsel for the Defendant Delgado nevertheless announced to the Court that he would like a jury determination as to the money judgment.

Federal Rule of Criminal Procedure 32.2 sets forth the procedures governing criminal forfeiture. Specifically, Rule 32.2(b)(1) provides:

As soon as practicable after a verdict . . . on any count in an indictment . . .

> regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Furthermore, Rule 32.2(b)(4) provides that "[u]pon a party's request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant."

The Government argues that the only determination to be made on the issue of forfeiture is a calculation of the amount of the money judgment, and since there will be no determination regarding whether there is a nexus between the forfeitable property and the crime, the Government argues that Defendant Delgado does not have the right to a jury determination on the forfeiture issue. Furthermore, the Government argues that the language in Rule 32.2 and the case law on this issue mandate this result. See U.S. v. Tedder, 403 F.3d 836, 841 (7th Cir. 2005)(stating that Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture); U.S. v. Reiner, 393 F. Supp.2d 52, 56-57 (D. Me. 2005). The Court agrees that because the Government is now seeking only a money judgment against Delgado, and not forfeiture of real property, or a car or bank accounts, no nexus determination needs to be made and he does not have a right to a jury determination on the forfeiture.

The court in Reiner analyzed the issue of a jury's role in determining the amount of a money judgment in a forfeiture proceeding. The Reiner court pointed out that the nexus determination in Rule 32.2 applies only to forfeiture of a specific asset, and the only jury trial right recognized by the Rule is for that nexus determination. See id. at 55. The Reiner court further pointed out that "Rule 32.2 makes no reference whatsoever to a jury's role in a personal

money judgment." Id. Therefore, the Reiner court concluded "that Rule 32.2(b)(4) recognizes no jury role in determining what the amount of [an] *in personam* money judgment should be." Id. at 56-57. This Court agrees with the Reiner court's analysis and conclusion.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Ireno Luis Delgado's Motion for Jury Trial on the Issue of Forfeiture in the Event of Conviction (Doc. No. 144) is **DENIED** in that the Government has withdrawn its request for the forfeiture of specific assets and seeks only a money judgment.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of August, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3