UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                          Case No. 8:05-cv-533-T-24TGW

IRENO LUIS DELGADO
_____/

**ORDER**

This cause comes before the Court on Defendant Delgado's Renewed Motion for Judgment of Acquittal and Motion for New Trial. (Doc. No. 192). The Government opposes the motion. (Doc. No. 197).

**I.  Standard of Review for Motion for Judgment of Acquittal Pursuant to Rule 29**

Federal Rule of Criminal Procedure 29 provides for a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. When a defendant moves for a judgment of acquittal pursuant to Rule 29, the court must review the evidence in the light most favorable to the Government and must deny the motion "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." U.S. v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005)(citations omitted). Under Rule 29, "[a]ll reasonable inferences and credibility choices must be made in favor of the government and the jury's verdict." Id. (citation omitted).

**II.  Standard of Review for Motion for a New Trial Pursuant to Rule 33**

Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." In determining whether to grant the motion, the Court must carefully weigh the evidence and may assess the credibility of the witnesses. See U.S. v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005)(citations omitted); U.S. v.

Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985)(citations omitted). If after weighing the evidence and assessing the credibility of witnesses the Court concludes that, "'despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred,'" the Court may set aside the verdict and grant a new trial. Martinez, 763 F.2d at 1312 (quoting U.S. v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)).

### III. Discussion

On August 22, 2006, a jury found Defendant Delgado guilty of conspiracy to commit mail fraud and two counts of mail fraud. (Doc. No. 186). Defendant Delgado was accused of entering into an agreement with several co-defendants to commit mail fraud by way of staging fake accidents and submitting false claims to insurance companies. Defendant Delgado now moves for a judgment of acquittal or for a new trial, arguing that: (1) the Government should have been prohibited from using Defendant Delgado's own admissions to establish the elements of each crime; (2) the Government should have been prohibited from introducing tapes of statements made by co-defendant Mellon to undercover officers; (3) the Government should have been prohibited from introducing tapes that were inaudible and unintelligible; and (4) the cumulative effect of these alleged errors warrants a new trial or judgment of acquittal. For the reasons stated below, the Court rejects these arguments.

#### A. Use of Delgado's Admissions

Defendant Delgado argues that the Government should have been prohibited from using Defendant Delgado's own admissions to establish the elements of each crime, since there was no independent evidence that Defendant Delgado knowingly committed the crimes. Specifically,

Defendant Delgado argues that the Government attempted to prove the elements of the crimes by using tapes that purportedly contained discussions between Defendant Delgado and co-defendant Mellon and by using admissions that he made to undercover officers. The Court rejects this argument.

While it is true that a defendant cannot be convicted solely on the basis of his own admission[1], in the instant case, there was independent corroborating evidence. Specifically, there was the testimony of the undercover agents that were present throughout the conspiracy and video and tape recordings of admissions and statements made by co-defendant Mellon, who was a co-conspirator and who made the statements during the conspiracy. As such, the Court denies Defendant Delgado's motion on this issue.

### B. Co-Conspirator's Statements

Next, Defendant Delgado argues that the Government should have been prohibited from introducing tapes of statements made by co-defendant Mellon to undercover officers, because the statements did not fall within the exception to the hearsay rules for statements made by co-conspirators. The Court rejects this argument.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if the statement is offered against a party and is a statement by a co-conspirator of a party made during the course and in furtherance of the conspiracy. In order to introduce statements under Rule "801(d)(2)(E), the government must prove by a preponderance of the evidence that (1) a conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course of and in furtherance of

---

[1] U.S. v. Micieli, 594 F.2d 102, 108 (5th Cir. 1979).

the conspiracy." U.S. v. Underwood, 446 F.3d 1340, 1345-46 (11th Cir. 2006)(citation omitted). In the instant case, the Government has shown that a conspiracy existed, that Defendant Delgado and co-defendant Mellon were part of the conspiracy, and that the challenged statements were made during the course of and in furtherance of the conspiracy.

Defendant Delgado cites a non-binding Seventh Circuit case, U.S. v. Johnson, 927 F.2d 999 (7th Cir. 1991), and argues that the statements must have been made by one co-conspirator to another in order to come within Rule 801(d)(2)(E). The Court rejects this argument, because the focus of the inquiry under Rule 801(d)(2)(E) is whether the statement was made by a co-conspirator during the course of and in furtherance of the conspiracy. See, e.g., Underwood, 446 F.3d at 1346 (finding that the statements made by a co-conspirator to a confidential informant satisfied the requirements of Rule 801(d)(2)(E)). Accordingly, the Court denies Defendant Delgado's motion on this issue.

### C. Admissibility of the Tapes

Next, Defendant Delgado argues that the Government should have been prohibited from introducing tapes that were inaudible, unintelligible, and contained inaccurate translations from Spanish to English. The Court rejects this argument.

The Court notes that with regards to the admissibility of taped conversations, "[t]he preferred practice in this Circuit is for the government to go forward with evidence regarding the competence of the tape machine operator, the fidelity of the equipment, the absence of any alterations to the tape and the identity of the speakers." U.S. v. Richardson, 764 F.2d 1514, 1524 (11th Cir. 1985)(citation omitted). However, "the trial court has broad discretion to allow tapes into evidence without such a showing by the offering party so long as there is independent

assurance of accuracy." Id. (citations omitted).

In the instant case, the tapes were not inaudible or unintelligible. Furthermore, whether the translations were inaccurate goes to the weight of the evidence. Defendant Delgado had an opportunity to cross-examine witnesses regarding the translation and to offer his own translation, but he chose not to do so. As such, the Court denies the motion on this issue.

### D. Cumulative Effect

Next, Defendant Delgado argues that the cumulative effect of the above-described purported errors warrants a new trial or judgment of acquittal. The Court rejects this argument, as the Court has already rejected Defendant Delgado's contention that any of the events were erroneous, and as such, there is no adverse cumulative effect. Accordingly, the Court denies Defendant Delgado's motion on this issue.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Delgado's Renewed Motion for Judgment of Acquittal and Motion for New Trial (Doc. No. 192) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record